IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION (JACKSON)[1]

WILLIAM ANTONIO AVERY, #L6355                                        PETITIONER

VS.                                            CIVIL ACTION NO. 3:13-CV-999-CWR-FKB

STATE OF MISSISSIPPI AND RONALD KING                                RESPONDENTS

## REPORT AND RECOMMENDATION

This matter is before the Court on the Respondents' Motion to Dismiss (Docket No. 6) filed pursuant to 28 U.S.C. § 2244(d) and on the petition for writ of habeas corpus filed by William Antonio Avery, a state prisoner. Petitioner has responded with a pleading entitled "Petitioner's Brief in Support" (Docket No. 7). Having considered the petition and the Respondents' Motion to Dismiss pursuant to 28 U.S.C. § 2244(d), the undersigned recommends that the Motion to Dismiss be granted and the petition be dismissed with prejudice.

### I. FACTS AND PROCEDURAL HISTORY

On May 20, 2003, Petitioner entered a guilty plea to possession of methamphetamine (41.5 grams) in the Lauderdale County Circuit Court. *Avery v. State*, 102 So. 3d 1178, 1179 (Miss. 2012), *reh'g denied*, Sept. 18, 2012, *cert. denied*, Dec. 13, 2012 (Case No. 2011-CP-00664-COA). On June 20, 2003, the trial court sentenced Avery to fifteen years in the custody of

---

[1] An Order of Transfer was entered in this case on December 26, 2013, pursuant to H.R. 2871, Realignment Of The Southern Judicial District of Mississippi, Pub. L. No. 113-61, 127 Stat. 665 (2013), signed into law on December 20, 2013. The Realignment Act consolidated the former five divisions of the Southern District of Mississippi into four divisions. As a result, the Court transferred this action to the newly formed Northern Division of the Southern District of Mississippi and assigned it a new case number.

the Mississippi Department of Corrections with five years to serve, ten years suspended, and five years of reporting probation under the supervision of the MDOC.[2] *Id.*

According to his MDOC Discharge Certificate, Avery was released from custody on May 1, 2008, to complete the suspended portion of his sentence. (Docket No. 2 at 44). On October 13, 2010, the trial court revoked his probation and ordered him to serve the previously suspended ten-year sentence. (Docket No. 2 at 51). On March 31, 2011, Avery filed a motion for post-conviction relief, which the trial court dismissed as time-barred. *Avery*, 102 So. 3d at 1179. The Mississippi Court of Appeals affirmed.[3] *Id.* at 1182. The Mississippi Court of Appeals denied rehearing on September 18, 2012, and the Mississippi Supreme Court denied *certiorari* on December 13, 2012.

A *pro se* prisoner's complaint is considered filed when delivered to prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270-71 (1988); *Causey v. Cain*, 450 F.3d 601, 604 (5th Cir. 2006). Although this Court did not receive the instant habeas corpus petition until February 4, 2013, the undersigned will consider January 31, 2013, the date on which Avery signed the petition, as the filing date in this Court.

---

[2] At the time of Avery's plea, the Mississippi Supreme Court had carved out an exception that allowed an appeal from a guilty plea within thirty days if the issue being appealed dealt directly with an alleged illegal sentence. *See Acker v. State*, 797 So. 2d 966, 967 (Miss. 2001); *Trotter v. State*, 554 So. 2d 313, 315 (Miss. 1989); and *Campbell v. State*, 743 So.2d 1050, 1052 (Miss. Ct. App. 1999). Due to an amendment to Miss. Code Ann. § 99-35-101, the exception no longer applies to guilty pleas taken after July 1, 2008. *Seal v. State*, 38 So. 3d 635, 638 (Miss. Ct. App. 2010). Since Avery pleaded guilty and was sentenced prior to July 1, 2008, his judgment became final on July 21, 2003, thirty days after he was sentenced, plus one day, considering that July 20, 2003, was a Sunday. Miss. R. Civ. P. 6(a).

[3] Under Miss. Code Ann. § 99-39-5(2), a PCR motion following a guilty plea shall be made "within three (3) years after entry of the judgment of conviction." *Avery*, 102 So. 3d at 1180. Avery signed the guilty plea on May 20, 2003; the trial court entered a sentencing order on June 20, 2003; and Avery filed his PCR motion on March 31, 2011; thus, Avery's PCR motion was untimely filed. *Id.* Further, no exceptions to § 99-39-5(2) applied. *Id.*

**II. DISCUSSION**

In his petition, Avery asserts three grounds for habeas relief. Petitioner argues first that he received an illegal sentence when he received fifteen years in the custody of the MDOC (Docket No. 1). He argues that he "entered an open plea for 5 years" (Docket No. 1),[4] and thus, the sentence he received violated his constitutional rights.

Secondly, Petitioner argues that he was denied effective assistance of counsel when he was informed by his trial counsel that if he pleaded guilty to the lesser and amended charge of simple possession of methamphetamine, he would receive a sentence of five years (Docket No. 1). He essentially argues that his counsel was ineffective because the ultimate sentence he received is not what he was promised in the plea agreement.

Petitioner argues lastly that his plea was not voluntarily, intelligently, and knowingly entered because he believed that he was entering a plea to receive five years, and he did not receive that sentence (Docket No. 1).

The State answered Avery's petition with a Motion to Dismiss, arguing that his petition was untimely. Because this Court agrees with the State's argument and finds that Avery's petition was untimely filed, it will not address the merits of the petition.

Turning to the Motion to Dismiss, the State points to 28 U.S.C. § 2244(d) as the foundation of its position. 28 U.S.C. § 2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

---

[4] Although Avery received a fifteen year sentence, the sentencing order provided that ten of those years were suspended, leaving only five years to serve with five years probation. *Avery*, 102 So. 3d at 1179. However, the trial court subsequently revoked his probation and ordered him to serve his previously-suspended ten-year sentence.

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Asserting that none of the narrow exceptions of § 2244(d)(1)(B) - (D) are applicable to Petitioner's facts, the State argues that Avery's federal habeas petition was due within one year of the date that his judgment of conviction became final. Because Avery's judgment became final on July 21, 2003, *see* n. 2 *supra*, thirty days after he was sentenced, the State asserts that Avery's petition, signed on January 31, 2013, was untimely filed. A review of the relevant dates shows that the State is correct.

Avery's judgment became final on July 21, 2003, thirty (30) days after it was entered. *See* n. 2 *supra*. Under § 2244(d)(1) and without the benefit of tolling pursuant to § 2244(d)(2), Avery's application for writ of habeas corpus was due in this Court within one year, or by July 21, 2004.

Avery failed to file any application for post-conviction relief prior to or on July 21, 2004. He did, however, file a motion for post-conviction relief on March 31, 2011, which the trial court dismissed as time-barred, and the Mississippi Court of Appeals affirmed. *Avery*, 102 So. 3d at 1182. Because he did not timely file his application for post-conviction relief—within the federal habeas statute of limitations which expired on July 21, 2004—this filing did not operate to toll the federal habeas statute of limitations.

Further, Avery failed to present any "rare and exceptional circumstances" to invoke equitable tolling of the limitations period.[5] The United States Supreme Court has held that, in appropriate cases, § 2244(d) is subject to equitable tolling. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). To be entitled to equitable tolling, a petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (citations omitted).

Avery was given the opportunity in paragraph eighteen of the petition to provide argument that would entitle him to either equitable or statutory tolling. He failed to present any argument in paragraph 18, but responded to the State's Motion to Dismiss by arguing in a pleading entitled

---

[5] "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). "Equitable tolling will be granted in 'rare and exceptional circumstances,' and will not be granted if the applicant failed to diligently pursue his rights." *Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004) (citations omitted); *see also Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999) (In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief.). "[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Larry*, 361 F.3d at 897.

"Petitioner's Brief in Support" that the State failed to produce "full and complete transcripts of all proceedings in the state court"[6] and that his constitutional rights were violated. (Docket No. 7). Neither of these two arguments would entitle him to either equitable or statutory tolling.

In addition to not showing "that some extraordinary circumstances stood in his way and prevented timely filing," *Holland*, 130 S. Ct. at 2562, Avery demonstrated a lack of diligence. Avery filed his motion for post-conviction relief almost five years after the expiration of the state limitations period and only after the state court revoked his suspended sentence and probation. He filed the instant habeas petition more than eight years after the federal limitations period had expired. Accordingly, the extent of the untimeliness of Avery's motion for post-conviction relief and habeas petition demonstrates a lack of diligence.

Thus, Avery failed to file his habeas petition within the one-year period of limitation under 28 U.S.C. § 2244(d) and has shown no grounds for any tolling. Therefore, the Respondent's Motion to dismiss should be granted.

### III. CONCLUSION

Accordingly, for the reasons stated above, the undersigned recommends that Respondents' Motion to Dismiss be granted and that this case be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon

---

[6] Respondents were ordered to produce "full and complete transcripts of all proceedings in the state court of Mississippi arising from the charges of possession of methamphetamine by the Circuit Court of Lauderdale County, Mississippi." (Docket No. 4). Avery argues that he did not receive these transcripts. (Docket No. 7). The transcripts were not produced, seemingly, because the Respondents did not address the merits of the petition because it is time-barred under 28 U.S.C. § 2244(d).

grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b*); Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 21st day of January, 2014.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE